**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **HAROLD W. KIFER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. CIV-07-210-FHS-SPS |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of the Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

**REPORT AND RECOMMENDATION**

The claimant Harold W. Kifer, requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

national economy[.]" *Id.* § 423(d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997), *citing Pacheco v. Sullivan*, 931 F.2d 695, 696 (10th Cir. 1991). The term "substantial evidence" means "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence or substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of [the] evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

---

[1] Step one requires the claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id.* §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work the claimant can perform existing in significant numbers in the national economy, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

**Claimant's Background**

The claimant was born on December 27, 1963, and was forty-two (42) years old at the time of the administrative hearing. He has a tenth grade education and has previously worked as a cement truck driver, pumper, backhoe operator, dump truck driver, and roofer helper. The claimant alleges he has been unable to work since December 31, 2002, because of back pain, bilateral knee pain, shoulder pain, high blood pressure, seizures, and anxiety.

**Procedural History**

On September 14, 2004, the claimant filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His application was denied. ALJ Thomas Bennett conducted a hearing and found that the claimant was not disabled on November 6, 2006. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform sedentary work involving lifting up to ten pounds with occasional lifting and/or carrying articles like docket files, ledgers, and small tools. The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he

could perform existing in significant numbers in the regional and national economies, *e. g.*, assembler, machine tender, and bench and table laborer (Tr. 22).

**Review**

The claimant contends that the ALJ erred: (i) by improperly analyzing his credibility; and (ii) by failing to include all of his limitations in the RFC. He argues, *inter alia*, that the ALJ failed to properly analyze his claim of disabling pain. The undersigned Magistrate Judge finds this argument persuasive.

The medical record in this case contains extensive evidence of pain suffered by the claimant, *e. g.,* Dr. Stow's April 2005 consultative examination observing pain ("He was wiggling his chair, he wasn't sitting still, he was in a lot of pain. . . . He [wa]s limping on his right leg[.] . . . He had to push up in the chair and he had some difficulty getting on the exam table. He was huffing and puffing, and wincing while he was getting up there." (Tr. 370)) and severe range of motion limitations due to pain (Tr. 370, 372, 375)); claimant's complaints of pain to physicians (Tr. 91, 93, 95, 97, 103-06, 108, 111, 113, 121, 128, 137-38, 143, 147, 151-52, 154, 157-59, 164, 168, 177-78, 194-96, 198, 200, 204, 214-16, 218, 222, 225, 228, 233-35, 238-39, 242, 244, 255, 313-15, 368-72, 375, 399-404, 406-08, 410, 416-17, 420, 428, 434, 439, 451, 453, 456, 460-62, 466-471, 475-77); and prescription pain medication usage (Tr. 105, 107, 109, 113, 121, 124, 126-28, 135, 141, 143, 147, 151-54, 163-64, 166-67, 170, 175, 177-78, 190-96, 198-201, 203-04, 207, 215-16, 218, 225, 228, 230-31, 234, 239, 242, 244, 282-84, 286, 288-95, 297-98, 300, 302, 304-05, 307, 311, 313-15, 368, 399, 407-08, 410, 414, 416-17, 427-28, 435-36, 438, 440, 443, 452, 454-55, 457, 459, 462,

467-68, 471, 473, 476-77). Further, the claimant testified at length regarding his pain at the administrative hearing.² The ALJ did not, however, discuss any of this evidence in his written decision or otherwise analyze the claimant's allegations of disabling pain; indeed the only mention of the word "pain" came in a summary of the claimant's allegations of disability (Tr. 19) and a recital of the findings in two medical examinations (Tr. 20). The ALJ *did* ultimately conclude that "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, . . . the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible" and "[t]he claimant has described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." (Tr. 20).

---

² At the administrative hearing, the claimant testified that he suffers from chronic pain in his knees, back and shoulder for which he is seen at the Indian clinic and receives prescription drug treatment (Lortab and Soma twice a day) which causes drowsiness (Tr. 509). He further testified that his back pain is constant, worse than before, and sitting too long causes his back to "lock[] up" and his fingers and toes to become numb (Tr. 511). Additionally, the record reflects that the claimant experienced some difficulty sitting during the hearing following the ninety minute drive to the hearing location (Tr. 511). The claimant estimated he could sit in a chair for forty-five to sixty minutes before he would have to stand or walk for relief for another thirty to sixty minutes (Tr. 512). The claimant next testified that his knees hurt all day (especially the left one which "pops" out of place at times), but not to the same extent as his back (Tr. 513); his shoulder hurts mainly at night (Tr. 515-16); and due to pain, he sleeps only four hours a night and has to get out of bed and walk around to relieve pain five to seven times each evening (Tr. 517). He also needs assistance getting out of bed, putting on his shirt and shoes and washing his hair (Tr. 518). While the claimant drives seven miles to the store and back to purchase tobacco approximately four times per week, his wife drives if they travel much farther and the claimant does not do the grocery shopping (Tr. 512-13, 520-21). During the day, the claimant tries to mow the lawn and exercise, but testified that after twenty minutes he must sit and ice his back for another thirty to forty-five minutes (Tr. 519-20). As a result, he spends a total of two hours icing his back during the work day (Tr. 520). He testified that, while he does not grocery shop, he could probably lift a twenty to thirty-five pound bag of groceries and if he has taken his medication and his back pain is not too bad, he likes to go fishing (Tr. 521-22). The claimant further testified that he could not perform a "sit down job" because it would put too much strain on his back (Tr. 522).

Deference must be given to a credibility determination unless the ALJ misread the medical evidence taken as a whole. *Casias*, 933 F.2d at 801. An ALJ may disregard a claimant's subjective complaints of pain if unsupported by any clinical findings. *Frey v. Bowen,* 816 F.2d 508, 515 (10th Cir. 1987). But "[b]efore finding that a claimant experiencing pain from a medically determinable impairment is not disabled, an ALJ must carefully consider all the relevant evidence, including subjective pain testimony, and expressly reflect that consideration in the findings. Findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988). *See generally* Soc. Sec. Rul. 96-7p, 1996 WL 374186. Further, "the ALJ may not rely on minimal daily activities as substantial evidence that a claimant does not suffer disabling pain." *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993), *quoting Frey*, 816 F.2d at 516-17 ("Nor does the ALJ's citation of 'daily activities' indicate substantial evidence refuting Frey's complaint of disabling pain or its credibility . . . . [T]he claimant had performed a few household tasks, had worked on his cars, and had driven on occasional recreational trips . . . . [S]poradic performance does not establish that a person is capable of engaging in substantial gainful activity."), *citing Broadbent v. Harris*, 698 F.2d 407, 413 (10th Cir. 1983).

The ALJ's analysis of the claimant's pain clearly fell below these standards. Because the ALJ failed to affirmatively link his credibility findings as to pain to substantial evidence in the record, the decision of the Commissioner should be reversed and the case remanded

to the ALJ for further analysis. On remand, the ALJ should reconsider the claimant's allegations of disabling pain in accordance with the foregoing authorities and document his findings as required. If such reconsideration results in the imposition of additional functional limitations, the ALJ should redetermine what work, if any, the claimant can perform and ultimately whether he is disabled.

## Conclusion

The undersigned Magistrate Judge FINDS correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate RECOMMENDS the ruling of the Commissioner be REVERSED and the case REMANDED for further proceedings as set forth above. The parties are herewith given ten (10) days to file any objections with supporting briefs. Failure to object to the Report and Recommendation will preclude appellate review of the judgment of the District Court based on such findings.

**DATED** this 11th day of September, 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**